RAMÓN MONTANER, MANAGER OF STATE INSURANCE FUND, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents.

No. 28. Argued April 18, 1938.—Decided May 13, 1938.

*B. Fernández García*, Attorney General, *E. de Aldrey* and *Luis Negrón Fernández* for petitioner. *Ismael Soldevila* for respondent petitioner before the Industrial Commission.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The facts of this case as stated in the decision under review are the following:

"Alberto Ross Olesa, also known as Alberto Ross, for a year and a half or two before his death had been working for the West India Oil Co. as a watchman in the buildings and lot which the said company owns in this city of San Juan, with the following boundaries: on the north, San Agustín Street; on the east, Carlos Frías Street; on the south, the railroad tracks, being very near the Miranda ward, the San Antonio dock and other adjacent docks. His duties as watchman were carried out within this parcel of land enclosed by a fence six or seven feet high with an ironbarred gate. There were two watchmen: the deceased and another named José Laureano, one being in charge of the custody of the offices and the other, who on the night in question was Alberto Olesa, watched the lot and the exterior of the offices, garages and gasoline tanks, etc. On July 15, 1936, at 9 p. m., both watchmen were acting in their respective capacities when Insular Policeman Juan José Montoyo arrived in search of Alberto Olesa and after entering the parcel under the care of the said watchmen, began a conversation with Olesa trying to sell him a revolver, and while they were thus engaged the revolver in question unexpectedly went off and the bullet fatally wounded Olesa. The Insular Policeman, upon seeing his interlocutor fall, lost his equanimity then and there and blew his own brains out."

The Manager of the State Fund denied the petition filed by Clemencia Olesa, the mother of the deceased, on the ground that the accident in which Alberto Ross Olesa lost his life was not compensable under the law.

The case was appealed to the Industrial Commission of Puerto Rico, which rendered a decision reversing that of the Manager of the State Fund and holding:

1. That the injury which caused the death of Olesa arose from an act inherent in the employment of the injured man.

2. That the injury occurred during the course of Olesa's employment.

3. That the injury occurred as a consequence of the employment of the injured man.

4. That the deceased Olesa supported his mother Clemencia Olesa, a woman of advanced age and a widow, who should be declared the beneficiary of the deceased workman.

After a motion for reconsideration had been made and denied by the Industrial Commission, the Manager of the State Fund filed this proceeding for a review. The errors assigned to the commission may be summarized as follows:

The commission erred in deciding that the accident was compensable; that the purchase of a revolver was an act inherent in the employment of a watchman; that the accident occurred as a consequence of the employment; and that it should be presumed that an employment as watchman requires the use of a weapon.

Let us consider the said assignments in the light of the provisions of section 2 of the Workmen's Compensation Act (Act. No. 45 of April 18, 1935) which reads as follows:

"Section 2.—The provisions of this Act shall be applicable to all such workmen and employees working for the employers to whom the following paragraph refers, as suffer injury, are disabled, or lose their lives by reason of accidents caused by any act or function inherent in their work or employment, when such accidents happen in the course of said work or employment, and as a consequence thereof; . . ."

According to the clear language of the statute, three requisites must concur for an injury to be compensable. The injury must (*a*) be the result of an act or function inherent in the employment, (*b*) have occurred in the course of

the employment, and (c) be a consequence of the employment. If one of these requirements is lacking the accident is not compensable.

■ Is the purchase of a revolver an act or function inherent in the employment of a watchman? The Industrial Commission held that it is, because in its opinion, a watchman cannot properly fulfill his duties if he does not have a firearm to defend himself and the property of his employer. We do not agree with the opinion of the commission.

The record of the case shows that about five years before the accident the West India Oil Company had recalled the firearms which it had itself given to its two watchmen, thus expressing its desire that its watchmen be unarmed, and that the deceased Alberto Ross Olesa had been employed as a watchman by that company for over a year, and had worked as such during that time without carrying a firearm. There is no evidence whatever to show that the company required its watchmen to be armed while they were on duty. And we are not convinced that in order to watch a yard or a warehouse it is absolutely necessary for the watchman to carry a firearm. The best proof of this is that for an entire year watchman Ross watched the property of his employer without need of weapons.

Applying the law to the facts proved and admitted by both parties, we must reach the unavoidable conclusion that the unfortunate accident which caused the death of Alberto Ross y Olesa was not caused by any act inherent in his employment as watchman, nor did it occur in the course of such employment or as a consequence of the same; and that the commission erred in holding that the said accident was compensable.

The order appealed from must be reversed.